**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Derrick Ray Lee, | No. CV-15-00640-PHX-DLR (JZB) |
| Plaintiff, | **ORDER** |
| v. | |
| Unknown Friday, et al., | |
| Defendants. | |

On April 9, 2015, Plaintiff Derrick Ray Lee, who is confined in the Maricopa County Lower Buckeye Jail ("Jail" or "Lower Buckeye Jail"), filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1), and an Application to Proceed *In Forma Pauperis* (Doc. 2). In his Complaint, Plaintiff asserted claims for violations of the Eighth and Fourteenth Amendments against Defendants Officer Friday, Lieutenant Perks, Lieutenant A4796, Sergeant A4729, and Sergeant A4617. On May 28, 2015, the Court granted Plaintiff's Application to Proceed *In Forma Pauperis* and, after screening, ordered Defendant Friday to answer Count One and dismissed the remaining claims and Defendants without prejudice. (Doc. 5.)

On August 14, 2015, Plaintiff filed a Motion to Amend, and lodged his proposed First Amended Complaint. (Doc. 8.) For the reasons below, the Court will grant Plaintiff's Motion to Amend, order the Clerk of Court to file Plaintiff's proposed First Amended Complaint, order Defendant Friday to answer Plaintiff's Eighth Amendment claim, and dismiss the remaining claims and Defendants.

## I. Plaintiff's Motion to Amend

Rule 15 of the Federal Rules of Civil Procedure provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) . . . 21 days after service of a responsive pleading." Further, Rule 15.1(b) of the Local Rules of Civil Procedure provides the following:

> If a party files an amended pleading as a matter of course or with the opposing party's written consent, the amending party must file a separate notice of filing the amended pleading. The notice must attach a copy of the amended pleading that indicates in what respect it differs from the pleading which it amends, by bracketing or striking through the text that was deleted and underlining the text that was added. The amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits. If an amended pleading is filed with the opposing party's written consent, the notice must so certify.

LRCiv 15.1(b).

Here, Plaintiff filed his Motion to Amend on August 14, 2015, before Defendant Friday filed his Answer to Plaintiff's initial Complaint. (Docs. 8, 9.) Further, Plaintiff's proposed First Amended Complaint complies with the requirements of Rule 15.1 of the Local Rules of Civil Procedure. Accordingly, the Court will grant Plaintiff's Motion to Amend and instruct the Clerk of Court to file Plaintiff's proposed First Amended Complaint lodged at Doc. 8-1.

## II. Screening of IFP Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the

defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

**III.   Plaintiff's First Amended Complaint**

In his First Amended Complaint, Plaintiff alleges that his safety was threatened and that his First and Fifth Amendment rights were violated while he was detained at Lower Buckeye Jail.[1] He names as Defendants Officer Friday, Lieutenant Perks, Lieutenant A4796, Sergeant A4729, and Sergeant A4617. Plaintiff requests monetary relief, and asks the Court to "impose an investigation into the policy and practice of [the Maricopa County Sheriff's Office] denying inmates . . . Equal Protection."

Plaintiff's factual allegations in his First Amendment Complaint are very similar

---

[1] Although Plaintiff removes the "Count II" heading in his First Amended Complaint, he appears to assert three different claims in Count One—violations of the First, Eighth, and Fifth Amendments.

- 3 -

to those in his initial Complaint.  Plaintiff alleges that Defendant Friday ordered Plaintiff's cellmate, Blake Hurlbert, who "worked for" Friday, to assault Plaintiff.  On January 24, 2015, at approximately 5:00 p.m., Defendant Friday allegedly asked Plaintiff to "roll-up," and informed Plaintiff that he was being moved to a different cell so that another inmate who worked for Friday, Micheal Christi, could be housed with Hurlbert. Plaintiff responded that he "d[id]n't want to move because he fe[lt] safe" in his cell.  At that point, Defendant Friday left. When Friday returned, he asked Hurlbert if Plaintiff had agreed to move.  Upon learning from Hurlbert that Plaintiff had not agreed to move, Friday "balled up a fist," which he proceeded to "tap[] in his other hand," and "told Blake 'you know what to do.'"  Hurlbert then said to Plaintiff, "'If you don't want to move[,] Lil[] Chief, I'm going to have to kick your ass.'" Plaintiff responded, "'No, don't hit me,'" but Hurlbert proceeded to punch Plaintiff "over and over," even after Plaintiff had fallen to the ground.  Plaintiff "felt as if [Hulrbert] was going to kill [him.]" As a result of the assault, Plaintiff claims, he sustained head injuries, a swollen cheek, and bruising on his torso.  In addition, he continues to suffer from headaches and severe neck pain. Plaintiff also asserts that he now suffers from anxiety.

Plaintiff also appears to assert that his due process rights were violated after he filed a grievance against Defendant Friday based on the conduct described above. Plaintiff claims that Friday provided false information regarding his role in the incident, and stated that he had ordered—rather than asked—Plaintiff to "roll-up."  After Plaintiff's initial grievance was, apparently,[2] denied, Plaintiff forwarded the grievance as "unresolved."  On January 27, 2015, Defendant A4729 responded that he had reviewed video footage of the incident and had concluded that "there was no assault."  Defendant Perks concurred with Defendant A4729's decision.  Plaintiff appealed this finding, and on February 3, 2015, he received a decision from Defendant A4617 indicating that video footage of the incident showed Plaintiff "thr[owing] the first punch."  On that basis,

---

[2] Plaintiff's allegations regarding the initial stages of the grievance proceedings are somewhat vague.

- 4 -

Defendant A4617 concluded that "the shift supervisors['] response was correct." Plaintiff appealed again, and Defendant A4796 "concur[red] with the finding" on February 11, 2015.

Plaintiff then forwarded his grievance to the External Referee. On March 9, 2015, Plaintiff learned from the Referee's findings that his assault was "confirmed on video" and that Jail staff had been "covering up this fact." Plaintiff also learned from these findings that Defendants had "deprived [him] of the right to Due Process and Equal Protection" by reporting that he "was not willing to aid in the prosecution" of his assault, even though Plaintiff had indicated that he wanted to press charges against Hurlbert. Finally, Plaintiff adds in his proposed First Amended Complaint that Defendants at all times acted under color of state law.

## IV.     Failure to State a Claim

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Although not entirely clear, Plaintiff appears to assert the same claims in his First Amended Complaint as he did in his initial Complaint. Plaintiff includes new allegations that all of the Defendants were acting under the color of state law. However, these allegations do not address the deficiencies in Plaintiff's Complaint identified by the Court's May 28, 2015 Order.

Plaintiff asserts that his First and Fifth Amendment rights were violated. Prisoners have a First Amendment right to file prison grievances, *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005), but "[t]here is no legitimate claim of entitlement to a grievance

1 procedure," *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988), and the failure to follow
2 grievance procedures does not give rise to a due process claim, *see Flournoy v. Fairman*,
3 897 F. Supp. 350, 354 (N.D. Ill. 1995) (jail grievance procedures did not create a
4 substantive right enforceable under § 1983); *Spencer v. Moore*, 638 F. Supp. 315, 316
5 (E.D. Mo. 1986) (violations of grievance system procedures do not deprive inmates of
6 constitutional rights). In addition, "[t]he right to petition the government for redress of
7 grievances . . . does not guarantee a favorable response, or indeed any response, from
8 state officials. Moreover, the First Amendment's right to redress of grievances is
9 satisfied by the availability of a judicial remedy." *Baltoski v. Pretorius*, 291 F. Supp. 2d
10 807, 811 (N.D. Ind. 2003); *see also Ashann-Ra v. Virginia*, 112 F. Supp. 2d 559, 569
11 (W.D. Va. 2000) (failure to comply with state's grievance procedure is not actionable
12 under § 1983 and does not compromise an inmate's right of access to the courts).

13 Plaintiff does not allege in his First Amended Complaint that he was denied access
14 to an available grievance process. Rather, he alleges that various Defendants failed to
15 comply with grievance procedures. As discussed above, such allegations do not give rise
16 to a constitutional violation. Accordingly, Plaintiff has failed to state a claim for
17 violations of his First Amendment and due process rights in his First Amended
18 Complaint.

19 To the extent Plaintiff again intends to state an equal protection claim, he fails to
20 state a claim for relief. Generally, "[t]o state a claim . . . for a violation of the Equal
21 Protection Clause . . . [,] a plaintiff must show that the defendants acted with an intent or
22 purpose to discriminate against the plaintiff based upon membership in a protected class."
23 *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Plaintiff has not alleged any
24 facts to support a claim that Defendants' actions had a discriminatory aim. Accordingly,
25 any equal protection claims against Defendants will be dismissed.

26 Finally, because Plaintiff appears to have combined all of his claims into Count
27 One, it is unclear whether he is also attempting to assert Eighth Amendment claims
28 against Defendants Perks, A4796, A4729, and A4617. To the extent that he is attempting

to assert such claims, he fails to state a claim for relief. To state a claim for failure to protect or threats to safety, an inmate must allege facts to support that he was incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to those risks. *Farmer v. Brennan*, 511 U.S. 825, 832-33, (1994). To adequately allege deliberate indifference, a plaintiff must allege facts to support that a defendant knew of, but disregarded, an excessive risk to inmate safety. *Id.* at 837. That is, "the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." *Id.* Thus, Plaintiff must allege facts to support when and how any particular defendant knew of a substantial risk of harm to Plaintiff and that the defendant disregarded or failed to take steps to protect Plaintiff. Here, Plaintiff's allegations regarding Defendants Perks, A4796, A4729, and A4617 are limited to the way in which they handled Plaintiff's grievances after the alleged incident occurred. Accordingly, to the extent he is asserting Eighth Amendment claims against those Defendants, the Court will dismiss those claims.

**V.   Claims for Which an Answer Will Be Required**

Liberally construed, Plaintiff's allegations in Count One state an Eighth Amendment claim against Defendant Friday. Therefore, the Court will order Defendant Friday to answer Plaintiff's Eighth Amendment claim.

**VI.   Warnings**

   **a.  Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release, or (2) file a non-prisoner application to proceed *in forma pauperis*. Failure to comply may result in dismissal of this action.

   **b.  Address Change**

Plaintiff must file and serve a notice of a change of address in accordance with

Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### c. Copies

Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### d. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED** that:

(1) The reference to the Magistrate Judge is withdrawn as to Plaintiff's Motion to Amend (Doc. 8) and the screening of Plaintiff's First Amended Complaint. All other matters remain referred to the Magistrate Judge for disposition as appropriate.

(2) Plaintiff's Motion to Amend (Doc. 8) is granted. The Clerk of Court shall file Plaintiff's proposed First Amended Complaint lodged at Doc. 8-1.

(3) Defendant Friday must answer Plaintiff's Eighth Amendment claim in the First Amended Complaint.

(4) All other Defendants and claims are dismissed.

(5) Defendant Friday must answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

Dated this 14th day of December, 2015.

Douglas L. Rayes
United States District Judge